SUMMARY ORDER
Petitioner Dieufort Rock (hereinafter “petitioner” or “Rock”), a native and citizen of Haiti, challenges a November 30, 2004 decision of the Board of Immigration Appeals (“BIA”), affirming an immigration judge’s (“IJ”) finding, inter alia, that petitioner was statutorily ineligible for cancellation of removal. The IJ decided that cancellation of removal, a new form of relief created by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”) was not available to petitioner because he was already in exclusion proceedings at the time IIRIRA went into effect. We assume the parties’ familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.
*205 On June 80, 1994, shortly after petitioner returned from a trip to his native country, he was served with a Notice to Applicant for Admission, charging that he was inadmissible to the United States because he had fraudulently married a U.S. citizen in order to procure entry into America. On January 10, 1995, petitioner filed a motion to terminate the exclusion proceedings against him on the ground that, because his trip to Haiti had been “innocent, casual and brief,” he was entitled to admission under Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). The IJ denied this motion on April 3,1995. Petitioner subsequently applied for suspension of deportation, but the IJ concluded that, since Rock was involved in exclusion proceedings—rather than deportation proceedings—he was ineligible for suspension of deportation. Moreover, the IJ found that petitioner’s trip to Haiti had interrupted his stay in America, and that, as a result, he was not eligible for suspension of deportation because he had not been a continuous resident of the United States for seven years. [A-187-188] Petitioner did not appeal these findings.
Several years later, in 2001, the government filed a request to schedule petitioner’s case for a hearing, seemingly because the government mistakenly thought that, after petitioner’s motion to terminate had been denied, the case had been adjourned but never rescheduled. The IJ treated the government’s request as a motion to reopen the case, and granted the motion in October 2001. During the course of those proceedings, the government voluntarily withdrew its contention that petitioner had engaged in a “sham marriage” for the purpose of obtaining a visa. Petitioner, in turn, conceded that he was excludable because he entered the United States in 1984 without a valid immigrant visa, but sought cancellation of removal, the type of relief made available by IIRIRA.
On the basis of petitioner’s concession, the IJ concluded that Rock was excludable. The IJ also found that neither suspension of deportation nor cancellation of removal were available to petitioner because these forms of relief were not available to aliens in exclusion proceedings. The BIA affirmed the IJ’s decision for the reasons stated by the IJ.
IIRIRA eliminated the distinction between “exclusion” and “deportation” proceedings, repealed the discretionary relief of suspension of deportation, and established a new form of relief called “cancellation of removal.” 8 U.S.C. § 1229b. Application of IIRIRA’s new rules to aliens already in exclusion or deportation proceedings as of April 1, 1997—when IIRIRA was made effective—is governed by the transitional rules of IIRIRA § 309(c). Specifically, § 309(c)(1) sets forth an exception to IIRIRA’s general effective date for those aliens whose orders of exclusion or deportation had not become final by April 1,1997:
Subject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings before the title III-A effective date—
(A) the amendments made by this subtitle shall not apply, and
(B) the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments.
IIRIRA § 309(c)(1), Pub.L. No. 104-208, div. C, 110 Stat. 3009, 3009-625 (codified at 8 U.S.C. § 1101 note). Hence, “the plain language of § 309(c)(1) ... exempts from the application of IIRIRA only those aliens who are ‘in exclusion or deportation proceedings’ before the effective date.” Arango Marquez v. INS, 346 F.3d 892, 900 (9th Cir.2003). See also Tanov v. INS, 443 F.3d 195, 198-99 (2d Cir.2006) (“IIRIRA *206 was prospective in its outlook. It did not affect those aliens who were already ex-cludable under the pre-IIRIRA scheme.”).
Because exclusion proceedings were commenced against petitioner well before the effective date of IIRIRA, we conclude that the IJ and BIA correctly found that petitioner was not eligible for cancellation of removal. The government’s effort in 2001 to schedule a new hearing did not commence a new proceeding; rather, it reopened an old proceeding. See Arenas-Yepes v. Gonzales, 421 F.3d 111, 116 (2d Cir.2005). We also conclude that the IJ and BIA rightly decided that suspension of deportation was not, under the circumstances, available to petitioner. See Patel v. McElroy, 143 F.3d 56, 60 (2d Cir.1998) (“As a matter of statutory construction, we therefore hold that, for aliens placed into proceedings prior to IIRIRA’s effective date, suspension of deportation ... is available to aliens in deportation but not in exclusion proceedings.... ”).
We have considered all of petitioner’s arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.